# United States Court of Appeals for the Fifth Circuit

No. 22-20450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2023

Lyle W. Cayce
Clerk

Marqueta Curry; Shaheedah Ellis,

*Plaintiffs—Appellants*,

*versus*

Anthony Valentin; VIP Freight, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2800

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:*

Plaintiffs-Appellants, Marqueta Curry and Shaheedah Ellis, appeal the district court's summary judgment in favor of Defendants-Appellees, Anthony Valentin and VIP Freight, Inc., dismissing this action as barred by Texas's two-year statute of limitations. For the reasons set forth below, we AFFIRM.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-20450

## I.

On July 10, 2019, Plaintiffs were involved in an automobile accident while driving on Interstate Highway 10 in Houston, Texas. Plaintiffs allege that Defendant Anthony Valentin, while operating a commercial truck in the course and scope of his employment with Defendant VIP Freight, Inc., negligently entered Plaintiffs' lane of traffic causing a collision. On July 30, 2021, two years and twenty days after the accident, Plaintiffs filed suit in state court to recover for their alleged damages. Defendants filed an answer, raising the statute of limitations as an affirmative defense.[1] Defendants then removed the case to federal court on the basis of diversity jurisdiction.

Plaintiffs thereafter moved for partial summary judgment on Defendants' statute of limitations defense. Plaintiffs argued that although they filed their suit more than two years after the accident occurred, their filing was timely under the Emergency Orders issued by the Texas Supreme Court in response to the COVID-19 pandemic. Specifically, Plaintiffs argued that certain Emergency Orders "create[d] a continuous chain of extensions from March 13, 2020 through October 1, 2021."

Defendants responded by filing a cross-motion for summary judgment and an alternative motion for dismissal under Rule 12(b)(6) for failure to state a claim. They argued that Plaintiffs' action was time barred because, contrary to Plaintiffs' contentions, none of the Emergency Orders issued by the Texas Supreme Court applied to extend the statute of limitations in this case. Defendants contended that the applicable two-year statute of

---

[1] Under Texas law, "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a).

2

limitations expired on July 12, 2021;[2] therefore, Plaintiffs' lawsuit was time barred because it was not filed until July 30, 2021. In response, Plaintiffs specifically relied on Emergency Order Eight, and argued that it tolled all statutes of limitations for eighty days, from March 13, 2020, until June 1, 2020. Plaintiffs contended that an eighty-day extension of time was more than sufficient to make their action timely.

The magistrate judge reviewed the pertinent Emergency Orders issued by the Texas Supreme Court relating to the COVID-19 pandemic and determined that the orders "did not categorically suspend all statutes of limitations for an eighty-day period." Furthermore, the magistrate judge determined "that Emergency Order Twelve supersede[d] any claimed, blanket tolling of limitations in Emergency Order Eight." The magistrate judge recommended that Defendants' motion for summary judgment be granted. Overruling the Plaintiffs' objections, the district court adopted the magistrate judge's report and recommendation and dismissed Plaintiffs' suit as time-barred. Plaintiffs timely filed a notice of appeal.

## II.

This Court reviews the district court's summary judgment de novo.[3] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] As this is a diversity case in which the cause of action arises under state law, we apply the state statute of limitations.[5] Under Texas law,

---

[2] Because July 10, 2021, was a Saturday, Plaintiffs had until the next business day, Monday, July 12, 2021, to file their action under the two-year limitations period.

[3] *Camacho v. Ford Motor Co.*, 993 F.3d 308, 311 (5th Cir. 2021).

[4] FED. R. CIV. P. 56(a).

[5] *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001).

suits for personal injury must be filed "not later than two years after the day the cause of action accrues."[6] It is undisputed that Plaintiffs' cause of action accrued on the day of the accident, July 10, 2019. It is also undisputed that under a straightforward application of Texas's two-year statute of limitations, Plaintiffs needed to file their action by Monday, July 12, 2021.

### A.

On appeal, Plaintiffs reassert their argument that the Eighth Emergency Order issued by the Texas Supreme Court tolled the limitations period in this case for eighty days, such that their action, which was filed on July 30, 2021, was timely.

The Eighth Emergency Order issued by the Texas Supreme Court on April 1, 2020, relating to the COVID-19 pandemic provides in pertinent part: "Any deadline for the filing or service of any civil case is tolled from March 13, 2020, until June 1, 2020, unless extended by the Chief Justice of the Supreme Court."[7] On April 27, 2020, the Texas Supreme Court issued the Twelfth Emergency Order which "renewed as *clarified and amended*" several prior Emergency Orders, including the Eighth Emergency Order.[8] Specifically, the Twelfth Emergency Order provided: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and June 1, 2020, is extended until July 15, 2020."[9] Under its plain language, the Twelfth Emergency Order made clear that the deadlines subject to extension under the Eighth Emergency Order were those that fell between

---

[6] Tex. Civ. Prac. & Rem. Code § 16.003(a).

[7] 597 S.W.3d 844 (Tex. 2020).

[8] 629 S.W.3d 144 (Tex. 2020) (emphasis added).

[9] *Id.*

No. 22-20450

March 13, 2020, and June 1, 2020, and that those deadlines would be extended to July 15, 2020.

Plaintiffs' tolling argument ignores the clear language of the Twelfth Emergency Order which, as the district court herein observed, "distinctly identified" the time frame of the deadlines affected and the date to which those deadlines would be extended. As this Court recently noted, the Emergency Orders issued by the Texas Supreme Court relating to the COVID-19 pandemic are applicable to "only certain cases."[10]

The last Emergency Order to extend the deadline for the filing of civil cases, the Twenty-First Emergency Order, provides that "[a]ny deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020."[11] Because the filing deadline for Plaintiffs' action did not fall between March 13, 2020, and September 1, 2020, the two-year statute of limitations was not subject to extension. Therefore, Plaintiffs were required to file their action by July 12, 2021, which they did not do. Consequently, as the magistrate judge and district court concluded, Plaintiffs' action is time-barred.

## B.

Plaintiffs lastly argue that the district court should have exercised its discretion under the Fortieth Emergency Order issued by the Texas Supreme

---

[10] *Phillips v. Cero's L.L.C.*, No. 22-10617, 2022 WL 16956798, at *2 (5th Cir. Nov. 16, 2022) (per curiam) (unpublished). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[11] 609 S.W.3d 128 (Tex. 2020).

Court.[12]  That order provides that "all courts in Texas *may* in any case, civil or criminal, . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than October 1, 2021."[13]  Plaintiffs argue that the district court abused its discretion because it required Plaintiffs to produce evidence as a precondition to the court's exercise of its discretion under the Fortieth Emergency Order.

As the magistrate judge noted, Plaintiffs "articulated no reason why such an extension would be appropriate" in their case.  In their objections to the magistrate judge's report, Plaintiffs argued that the Fortieth Emergency Order gave courts "broad discretion to modify or suspend deadlines." Plaintiffs also contended for the first time in their objections that because "[t]his case was filed during the heart of the COVID crisis" and "no more than twenty-one days after the two-year anniversary of the collision," the district court should exercise its discretion.  The district court overruled Plaintiffs' objections, and declined to exercise its discretion.

Under these circumstances, there was no abuse of discretion. Plaintiffs offered reasons that any party could have offered for an untimely filing during the pandemic.  Based on the foregoing, the district court's judgment is AFFIRMED.

---

[12] 629 S.W.3d 911 (Tex. 2021).

[13] *Id.* (emphasis added).